EMPIRE TARGET CO. v. CLEVELAND TARGET CO.

CLEVELAND TARGET CO. v. EMPIRE TARGET CO.

(Circuit Court of Appeals, Third Circuit.  May 18, 1900.)

Nos. 15, 16.

**1. PATENTS—CONSTRUCTION OF CLAIM—TARGET TRAPS.**

The Hebbard patent, No. 371,839, for improvements in sending-traps for flying targets, is limited by the prior art to the specific device described in the specification and shown by the drawings.  As so limited, *held* not infringed.

**2. SAME—ANTICIPATION—SUFFICIENCY OF PROOF—INCONSISTENT POSITIONS OF COMPLAINANT.**

In a suit for infringement of a patent, in which anticipation is relied on as a defense, based on the alleged prior invention and use by another of an equivalent device, the only issue as to such defense being as to the sufficiency of the evidence to establish such prior invention and use, where the complainant itself has successfully invoked and urged the same fact of prior invention and use, based upon the testimony of the same witnesses, in defense to a suit against it on a similar patent in another jurisdiction, while such fact may not amount to an estoppel, in the absence of satisfactory explanation of the inconsistent positions of the complainant, the court may properly consider that fact as affecting the burden and degree of proof required upon the issue, and as giving the defendant's testimony a weight to which it might not be entitled as against a different adversary.

**3. SAME—TARGET TRAPS.**

The Marqua patent, No. 301,908, for improvements in sending-traps for flying targets, *held* void for anticipation.

Appeal from the Circuit Court of the United States for the District of New Jersey.

James K. Bakewell, Webster & Cook, and Thomas W. Bakewell, for Cleveland Target Co.

H. C. Lord, for Empire Target Co.

Before ACHESON and DALLAS, Circuit Judges, and McPHERSON, District Judge.

McPHERSON, District Judge.  In the court below, this was a bill filed by the Cleveland Target Company against the Empire Target Company and three other defendants, charging the infringement of letters patent No. 301,908, dated July 15, 1884, granted to Philip Marqua, and of No. 371,839 dated October 18, 1887, granted to C. C. Hebbard, for improvement in sending-traps for flying targets; both patents having become the property of the complainant several years before the bringing of the suit.  The charge of infringement was limited to the second, third, and fifth claims of the Marqua patent, and to the first claim of the Hebbard patent.  The circuit court came to the conclusion that the Marqua patent had been infringed, but dismissed the bill so far as the Hebbard patent was concerned.  97 Fed. 44.  Both parties have appealed, and the correctness of the decree in both of its aspects is now before us for decision.

The appeal of the Cleveland Target Company from so much of the

decree as affects the Hebbard patent may be first considered. The claim charged to have been infringed is as follows:

"(1) In a trap for flying targets, the combination of a V-shaped frame of sheet spring metal pivoted to the throwing-arm at its apex, a strip secured above one arm of the frame in a plane parallel to the same, a hook, and a spring-actuated stud provided with a yielding sleeve upon the other arm, as and for the purpose shown and set forth."

In the opinion of the learned judge who heard the cause, if this claim can be sustained at all, the prior state of the art, taking particularly into account the Hebbard patent, No. 322,714, and the Holtz patent, No. 330,704, requires the claim to be so limited and confined to the specific device described in the specifications and shown by the drawings that the charge of infringement is thereby avoided. In this statement and conclusion we concur, and accordingly so much of the decree as dismisses the bill in so far as it relates to the Hebbard patent, No. 371,839, will be affirmed.

The appeal of the Empire Target Company, however, must be sustained. The claims of the Marqua patent that are charged to have been infringed are as follows:

"(2) In a trap or sending apparatus for flying targets, a sending-arm provided with a pivoted extension carrying the target, and having an independent rotation by centrifugal force, in combination with target holding and releasing mechanism automatically actuated to release the target at the moment of extreme extension of the sending-arm, substantially as set forth.

"(3) In a sending apparatus for flying targets, in combination with a pivoted sending-arm having a pivoted target-carrying extension, a spring-catch adapted to hold the target and release the same automatically at the proper instant of time, as set forth."

"(5) In a target-sending apparatus, the combination of the main arm, A, and pivoted extension, B, provided with automatic holding and releasing devices, with adjustable spring-washer, W, for regulating the frictional resistance to centrifugal action of the carrier, substantially as set forth."

The very careful and painstaking examination of the testimony made by the court below would, we have little doubt, have led to an opposite conclusion upon one controlling question of fact, if the learned judge had not felt constrained to apply to the evidence offered by the Empire Target Company a standard of proof that, under the peculiar circumstances of the case, seems to us to have been unduly rigorous. The question was this: Had the Marqua patent been anticipated by the prior invention and use of A. H. Hebbard?—and upon this point both parties had offered much testimony. The Hebbard use had been set up as a defense, and ordinarily the defendant would have been obliged to assume the burden of proof, and to establish the defense by evidence possessing the qualities required by the appropriate rules of law. Assuming for present purposes that the rule laid down by the court below is usually to be applied, namely, that the evidence taken as a whole must be full, clear, and satisfactory, leaving no substantial doubt concerning priority of invention, we think that the facts of the present controversy relieved the Empire Target Company from the customary obligation that rests upon a party making an affirmative allegation, and, so far as relates to the burden and quality of proof concerning the Hebbard use,

placed that company upon a substantial equality with its antagtnist. Our reasons for this view we shall now proceed to state.

This is not the first time the Hebbard use has been before the federal courts in a suit to which the Cleveland Target Company was a party. In 1890, or shortly before that date, the Peoria Target Company sued the Cleveland Company in the circuit court for the Northern district of Ohio, alleging the infringement of certain reissued letters patent granted to the administrator of Charles F. Stock for improvements in target-traps. The Cleveland Company set up the Marqua patent as a defense, but the court sustained the bill and entered an interlocutory decree in favor of the complainant. Not long afterwards the Cleveland Company presented a petition for a rehearing, in which they declared, inter alia, as follows:

"That since the interlocutory decree was entered herein, and since the 19th day of August, 1890, they have learned that a target trap containing and embodying the invention described in said letters patent sued upon in this action was invented by A. H. Hebbard, at Knoxville, Tennessee, long prior to the date of the said alleged invention by the said Stock thereof, to wit, in the year 1881; that a trap embodying the said invention was known to and used by the said A. H. Hebbard, at Knoxville, Tennessee, and by others in his presence, at a date long prior to the date of the said pretended invention by the said Stock, to wit, in the year 1882; that the said use of the said trap was known to the following described persons, to wit: Charles C. Hebbard, who resides at Cleveland, Ohio, and Samuel B. Dow, who resides in Knoxville, Tennessee.

"They further state that traps embodying the said invention were used by the said C. C. Hebbard and A. H. Hebbard, by Samuel B. Dow, and by others, in public, at Knoxville, Tennessee, at various times prior to the date of the said pretended invention by the said Stock, and that the said use was known to the following persons, to wit: William Jenkins, who lives at Knoxville, Tennessee; T. C. Eldridge, who lives at the same place; J. W. Slocum, R. Van Gilder, Felix A. Lyle, Cleveland, Ohio; Sara A. Hebbard and Mary E. Hebbard."

A rehearing being granted, the Cleveland Company filed a supplemental bill, or amendment to the answer,—both names being given to the pleading,—containing, inter alia, the following averments:

"That the said alleged improvements shown in the said re-issued letters patent, described in the original bill, were not an invention when the same were produced by the said Stock therein named; that the said Charles F. Stock was not the original, true, and first inventor of the same; that a target holding and releasing device embodying the said improvements described in the said letters patent was invented by A. H. Hebbard, now of the city of Cleveland, Ohio, at Knoxville, Tennessee, in the year 1882, and was then known to him and to Charles C. Hebbard, Felix A. Lyle, Mary A. Hebbard, and Sara Hebbard, all of whom reside at Cleveland, Ohio, and to William Powell and Samuel B. Dow, who reside at Knoxville, Tennessee; and the same were exhibited and used in public by the said A. H. Hebbard, C. C. Hebbard, Samuel B. Dow, and Felix A. Lyle, at Knoxville, Tennessee, in the said year."

Depositions upon the question thus raised were thereupon taken, and the priority of the Hebbard invention and use was vigorously urged upon the court by counsel for the Cleveland Company. It would extend this opinion unduly to quote largely from the argument in support of such priority, but we may give one extract to show the position taken by the Cleveland Company:

"Is it not, then, proved, beyond the possibility of a doubt, not only that the third Hebbard throwing device was in existence prior to December, 1882, but

also that a full-sized device, capable of throwing a full-sized target, was made prior to Mr. Hebbard's death, and was used successfully at Hebbard's residence and at the brick yards, in the presence of Mr. Dow, the two Hebbards and others, to throw targets, certainly months before the July, 1883, reduction to practice by Stock at Peoria? If anything can be established by human testimony, this has been."

The contention of the Cleveland Company was sustained by the court in Ohio, as will appear by the following citation from the opinion delivered by Circuit Judge Jackson (47 Fed. 739, 741):

"But it is established clearly, and to the entire satisfaction of the court, that A. H. Hebbard conceived and reduced to practice the 'pivoted' clamping or target-holding carrier prior to December 8, 1882; that said Hebbard's device is shown in the little brass model, which is the identical model made by him in October, 1882; that within about one month thereafter a full-sized device was constructed, and operated successfully and publicly in presence of several persons. This Hebbard device, called in the record 'Hebbard's Third Target-Throwing Device,' shows substantially the 'pivoted' feature of the target holder sought to be covered by claims 3 and 4 of the reissued patent, and, having been conceived and reduced to successful public practice prior to December 8, 1882, anticipated Stock's invention of the same device, which the proof, in its most favorable aspect for the complainant, shows was not reduced to even experimental practice before January, 1883. The evidence establishing this third target-throwing device, and its successful use on a Ligowski trap, prior to Stock's invention, is not contradicted or impeached; and if human testimony, corroborated by the production of the original model, is to be believed, that fact is established,—that Stock's 'pivotal' device was anticipated by that of Hebbard."

The third conclusion of the court was thus expressed:

"(3) That, if said claims 3 and 4 constituted valid reissues, the device they describe and seek to have patented was first invented (that is, conceived and reduced to successful public practice) by A. H. Hebbard prior to the date at which Stock invented his pivotal device, and consequently no valid patent thereon could be issued to said Stock either under the original or reissue application."

The priority of the Hebbard use was strongly urged, also, by the Cleveland Company on the appeal taken by the Peoria Company; but the case was decided on other grounds by the circuit court of appeals, and no reference is made in its opinion to the evidence upon this point.

It will therefore be observed that, while the Cleveland Company is now denying the priority of the Hebbard use, it formerly asserted such priority solemnly and repeatedly, by declarations of record, by offering evidence in support thereof, and by the earnest arguments of its counsel, in a suit involving substantially the same question as is now presented. It was not pretended then that Stock's invention could be carried back to a date preceding the Hebbard use in 1882, and it is not so pretended now on behalf of the Marqua patent. The priority of the Hebbard use is attacked, not because Marqua's date is earlier, but because the witnesses to the use are declared to be either mistaken or not worthy of belief. It may be admitted that no estoppel is made out by the foregoing facts, but we cannot agree that they should have no influence upon the burden or degree of proof required of the defendant in the present case At the least, they called upon the Cleveland Company for a satisfactory explanation why witnesses whom it formerly relied upon as

truthful and accurate were now challenged as untrustworthy and not to be believed. In the absence of such explanation, we think the court should not have treated the facts referred to as if they involved merely some unimportant inconsistency between the position taken then and the position taken now by the Cleveland Company. It does not agree with our sense of fair dealing that in one jurisdiction a party should succeed by upholding the truthfulness and reliability of witnesses, and should thereafter attack the same witnesses in another jurisdiction as persons not credible, merely because the exigencies of his case require a change of attitude. We do not deny that such change is permissible where the element of estoppel or other sufficient objection does not exist, but to treat the change, when no satisfactory explanation has been offered, as without influence upon the burden or the degree of proof, seems to us to be going too far. In considering the testimony of such witnesses, we think the court may properly remember that both parties at one time or another have vouched the credibility and accuracy of the testimony, and that the court may therefore be justified, in the absence of evidence showing mistake or other reason for distrust, in giving to the testimony of such witnesses a more than ordinary value.

Holding this opinion, it only remains to say that we have examined the case from this standpoint, and are obliged to disagree with the findings of fact upon the important subject of the Hebbard use. Without repeating the evidence in detail, we think it clearly establishes the fact that before the Marqua invention there was a use by Hebbard of a device embodying the essential elements of the claims now under contention. This view being decisive, we have not considered the other questions raised in the briefs and argued by counsel.

In the appeal of the Empire Target Company, the decree is reversed, at the costs of the appellee, with directions to the court below to enter a decree dismissing the bill at the costs of the complainant.

In the appeal of the Cleveland Target Company, the decree is affirmed, at the costs of the appellant.